## SUPREME COURT.

JACOB BERLIN agt. JAMES J. MAPES and ABRAHAM D. WILSON.

Where the defendants had paid for the money loaned them, nearly the amount of the note in suit at the time of the original loan, and on the different renewals, to the lender; *Held*, that it was gross *usury*—the jury having found by their verdict that it was the money of the lender.

*New York General Term, May,* 1864.

*Before* LEONARD, *P. J.,* CLERKE *and* BARNARD, *Justices.*

*By the court,* LEONARD, J.—The questions involved relate to the facts only. The evidence on the part of the defendants tended to show that the money loaned belonged to George H. Jones, and that he acted as principal in making the loan. His admission that he never sent the notes which were taken for the loan or the several renewals to his brother at Boston, but held them himself, strengthened the position assumed by the defendants that George was himself the ender. George was the only witness for the plaintiff, and there are some points in which his evidence and that of the defense was at variance.

I think the evidence is sufficient to support the theory, which must have been found by the jury, that the witness George was the lender of the money, and not his brother who resided at Boston, and who never saw the notes.

When the jury arrived at this conclusion, the verdict for the defendants was inevitable. The transaction was infected with usury. According to the evidence of Mapes, he had paid for the money loaned nearly the amount of the note in suit at the time of the original loan, and on the different renewals. These sums were paid to George H. Jones, the witness, as he testifies, for his services as agent for the borrower in procuring the loan and renewals. If the money was to be considered his own, it was gross usury. The evidence is sufficient to support the verdict on the theory that the witness was the lender, and we ought not to disturb it.

The judgment should be affirmed, with costs.